IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **BONITA K. REDD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 1:07-0416** |
| | ) |
| **THE McDOWELL COUNTY** | ) |
| **BOARD OF EDUCATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are several Motions in this matter including the following which are jurisdictionally or substantively dispositive in nature: Plaintiff's Request for Default Judgment (Document No. 7.); Plaintiff's Motion for Judgment by Default (Document No. 9.); and Plaintiff's Motion to Remand the Case to State Court (Document No. 15.). After a thorough examination of the record, the undersigned finds, and hereby respectfully recommends, that the District Court should (1) grant Plaintiff's Motion to Remand (Document No. 15.), (2) withhold ruling upon Plaintiff's Request for Default Judgment and Motion for Judgment by Default (Document Nos. 7 and 9.) as within the province of the Circuit Court of McDowell County and (3) remove this matter from the Court's docket.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, acting *pro se*, filed a Complaint in the Circuit Court of McDowell County in December, 2006, alleging as follows (Document No. 1, Exhibit A.):

> Civil Suit is hereby filed against the McDowell County Board of Education, its superintendents (appointed or otherwise), officers, and agents of the McDowell County School District for the periods of 2004 - 2007.
>
> From 2004 - 2007, the McDowell County Board of Education has discriminated against me (Bonita Redd) on the basis of race and gender. They have also violated

>Policy 2419, state statutes, and Federal laws.
>
>Therefore, the McDowell County Board of Education is being sued in civil action for the amount of $830,000 in compensatory damages and $5,000,000 in punitive damages as the remedy for their action.
>
>This civil action shall be held in abeyance or undetermined until such time as administrative remedies (Level IV hearing) have been concluded.

Defendants filed a Notice of Removal of Plaintiff's action to the United States District Court for the Southern District of West Virginia on July 2, 2007. (Document No. 1.) Defendants state as follows in their Notice of Removal:

>5. During Plaintiff's deposition on June 25, 2007, Plaintiff testified Plaintiff's claims were brought pursuant to the Thirteenth Amendment, EEOC regulations, Federal civil rights laws and federal educational laws and regulations. This was the first opportunity Defendants had to discover under which federal statutes and/or laws Plaintiff sought relief. Therefore, such Notice of Removal is timely.
>
>6. The Federal Court, therefore, has original jurisdiction of the above-entitled action pursuant to 28 U.S.C.A. § 1331, as the Plaintiff has alleged a Federal question under several Federal laws and regulations.
>
>7. Therefore, removal of the action to this Honorable Court is proper pursuant to 28 U.S.C.A. § 1441(b) and 1443, as amended.

On July 16, 2007, Plaintiff filed a Motion to Remand the case to State Court. (Document No. 15.)

Plaintiff states as follows in her Motion:

>1. Defendants and their counsel were fully aware in December 2006 of federal violations as made in Plaintiff's Complaint.
>
>2. Pursuant to 28 U.S.C. § 1446(b), Defendant's Notice of removal was not filed within 30 day period of Defendants' knowledge that federal laws were violated as stated in case.
>
>3. Therefore, the principles of laches and equitable estoppel are applicable.
>
>4. Plaintiff stated in deposition that violations consisted of discrimination, favoritism, reprisal, conspiracy to commit fraud, fraud, and violations of the 13th Amendment.

2

5. Discrimination, favoritism, and reprisal, are defined and applicable in West Virginia School Laws in section 18-29-2.[1]

6. Fraud is defined in West Virginia School Laws in section 18-2E-6.[2]

7. Sections regarding equal pay are in WV School Laws in sections 18A-4-6, 81A-4-5a, and 18-29-2.

8. Thirteenth Amendment violation is applicable in WV School Laws in section 18A-4-5a.[3]

9. Article 20 in WV School Laws is the Education of Exceptional Children Code of State Rules References (Regulations for the education of exceptional students (2419).

10. Defendants and their counsel are fully cognizant that the EEOC is currently investigation the charges of racial discrimination, Reprisal, and Equal Pay Act. If found in violation, the EEOC will send results to the Department of Justice, who will try the case or issue me the right to sue in Federal Court.

11. Job postings and bid sheets issued by the McDowell County Board of Education state that they do not discriminate on the basis of race and gender. They do not state that this is regulated by the EEOC as they used to imply in past postings. Printing this notice implies that it is enforceable by the state. If it is not, it is a misrepresentation and fraudulent statement that deceives all McDowell County Board of Education job applicants.

---

[1] Chapter 18 Article 29 of the West Virginia Code establishes a grievance procedure for employees of Boards of Education. Section 2 provides definitions of terms including "discrimination", "favoritism" and "reprisal" as follows: (m) "'Discrimination' mean any differences in the treatment of employees unless such differences are related to the actual job responsibilities of the employees or agreed to in writing by the employees."; (o) "'Favoritism' means unfair treatment of an employee as demonstrated by preferential, exceptional or advantageous treatment of another or other employees"; and (p) "'Reprisal' means the retaliation of an employer or agent toward a grievant or any other participant in the grievance procedure either for an alleged injury itself or any lawful attempt to redress it."

[2] *W.Va.Code* § 18-2E-6 pertains to high quality education programs and makes it a misdemeanor "for any person knowingly and intentionally to falsely report any information required under this article."

[3] *W.Va.Code* § 18A-4-5a establishes that Boards of Education must use State minimum salaries as provided in fixing the salaries of teachers and may supplement and provide higher salaries under certain circumstances.

12. The violation of the 13th Amendment will be sent to the Department of Justice Civil Rights Division for investigation.

13. Defendants appear to be attempting to circumvent Plaintiff's rights to Due Process and Civil Rights to be heard on State issues in State Court and avoid rulings on Motions and pleadings in State Court.

14. Plaintiff's Motion for Judgment of Default should be granted on State issues and should in addition be granted pursuant to WV Rules of Civil Procedure, Rule 58.

15. Deposition has not been reviewed or signed by Plaintiff for accuracy.

Defendants filed a Response which includes a copy of Plaintiff's June 25, 2007, deposition and an Amended Response to Plaintiff's Motion for Remand on July 27, 2007. (Document Nos. 16 and 17.) In their response, Defendants state that Plaintiff's deposition was necessary "to verify whether, in fact, Plaintiff had articulated a viable federal cause of action which would invoke federal question jurisdiction. A bald claim of federal violations does not suffice to invoke federal jurisdiction over a civil action." Defendants state further that in her deposition "Plaintiff has significantly expanded upon the claims made in her Complaint, as Plaintiff did not mention violations of the 13th Amendment, fraud, violations of Federal education law, conspiracy and reprisal in her Complaint."[4]

---

[4] Plaintiff testified as follows in her deposition respecting her claims in this case:

| | |
|---|---|
| Attorney: | . . . I guess we ought to start off by trying to fish out what your complaint is for. I know it's a real short complaint and it's kinda vague. I need you to tell me what exactly you're suing for. |
| Plaintiff: | Okay. Discrimination, favoritism, retaliation, fraud, conspiracy to commit fraud and violation of the 13th Amendment. |
| Attorney: | In regard to your discrimination claim, what does it regard? |
| Plaintiff: | What do you mean, what does it regard? |
| Attorney: | I mean, what is your allegations in regard to discrimination against the Board? |
| Plaintiff: | That they discriminated. |
| Attorney: | How did they discriminate against you? |
| Plaintiff: | Well, it's on race. Its's on gender. And, according to their definition of discrimination, if you just treat employees differently than other employees, it's discrimination. So on all of those grounds. |

Defendants assert as follows:

> [T]he Defendants aver that the first point in time [they] ascertained that Plaintiff was seeking relief under a qualified federal cause of action was during the deposition of the Plaintiff on June 25, 2007. Plaintiff's Complaint is extraordinarily vague and it

---

| | |
|---|---|
| Attorney: | How did they treat you different than other employees? |
| Plaintiff: | By their favoritism and preferential treatment. |
| | * * * |
| Attorney: | How do you feel like the Board has committed fraud? |
| Plaintiff: | Their matrix is fraud. There is a law in West Virginia called the School Law whereby if they send in information to the state or government that's not true, it's fraud. |
| | * * * |
| Attorney: | What is your allegation? I need you to clarify it for me. |
| Plaintiff: | Allegation regarding what? |
| Attorney: | In regard to fraud. You told me the matrix was fraudulent, and then you said that there's a West Virginia Public School Law that requires that – |
| Plaintiff: | That if they send in false information to the state or federal government, it's fraud. |
| Attorney: | What false information did they send submit? |
| Plaintiff: | Special education information. |
| Attorney: | Now, did you allege fraud in your complaint? |
| Plaintiff: | I said that they were in violation of state and federal statutes, that is a state statute, the West Virginia Public School Law. |
| | * * * |
| Attorney: | You've also told me you've alleged conspiracy to commit fraud. Who are the persons you're alleging that are conspiring together to commit fraud? |
| Plaintiff: | The Board of Education: |
| Attorney: | Who's the Board of education conspiring with? |
| Plaintiff: | They're conspiring with – in the Board. I don't understand what you mean, who are they conspiring with. |
| Attorney: | Under law, to have a conspiracy, you have to have two different parties conspiring together. That's the mature of a conspiracy. So if your saying the Board is a member of conspiracy, you have to have another person who the Board would conspire with to commit fraud. |
| Plaintiff: | It has to be the State. |
| Attorney: | Why haven't you sued the State of West Virginia for fraud also? |
| Plaintiff | Because I don't have to sue the State, I'm suing them. |
| Attorney: | How have they violated your 13th Amendment rights? |
| Plaintiff: | For involuntary servitude. I was compelled to work as an assistant principal and I wasn't compensated. |

> was impossible to articulate what grounds for relief Plaintiff was asserting. * * * Therefore, since Plaintiff's Complaint lacked the specificity to invoke federal jurisdiction over her claims, the Defendant[s] should be allowed to remove this action after it was determined that Plaintiff, in fact, was claiming a proper basis for relief pursuant to federal law.
> 
> * * *
> 
> Additionally, even if the Court determines that sufficient specificity for removal existed at the time Plaintiff's Complaint was filed, removal is still proper in this matter because Plaintiff expanded her Complaint to include violations of Federal education law, conspiracy to violate federal law and violations of the Thirteenth Amendment of the Constitution. Defendants could not have reasonably anticipated that Plaintiff claimed violations of Federal education law and violations of the 13th Amendment by a reading of her Complaint. Therefore, by expanding her Complaint, Plaintiff has revealed new federal causes of action and established a new thirty-day time period to file for removal to federal jurisdiction. Thus, Defendants' Notice of Removal was timely made and jurisdiction in this Court is valid.

In their Amended Response to Plaintiff's Motion for Remand (Document No. 17.), Defendant's reiterate the assertions they made in their Response as set forth above and state that "[p]rior to the clarification by the Plaintiff as to which claims she was making, the Defendants were only fully aware that the Plaintiff was making a claim of discrimination under state law. The Defendants could not anticipate what federal actions were being filed by the Plaintiff through her vague Complaint for violations of 'Policy 2419, state statutes and Federal laws.' It was only during her deposition that the Defendants became fully aware of what particular claims the Plaintiff was making against the Defendants."[5]

On August 9, 2007, Plaintiff filed a Response to Defendants' Response and Amended Response to Plaintiff's Motion for Remand. (Document No. 19.) Plaintiff states as follows in her Response:

> 1. In Defendants' Original Answer to Plaintiff's Complaint, Defendants state as their 2nd defense that the Defendants' employed employment practices have been conducted in all respects in accordance with the State and federal

---

[5] "Policy 2419" is the West Virginia Department of Education Policy 2419: Regulations for the Education of Exceptional Students.

laws, regulations, and constitutions.

2. Defendants' 8th defense demonstrates hat grievance had been filed on State and federal charges, and knowledge of EEOC charge.

3. The WV Grievance Board heard and decided grievance based on State and federal allegations.

4. Defendants did not seek removal to federal Court after Level IV decision was issued based on State and federal allegations.

5. The Honorable Judge Booker Stephens did not dismiss case based on State and federal allegations.

6. In Defendants' Motion to Dismiss Plaintiff's case, Defendants state in item #3 that Plaintiff's Complaint and grievance concern Plaintiff's allegations relating to her pay and her application for administrative positions. Therefore, Defendants were fully aware that Plaintiff's Complaint involved specific federal statutes. (See Exhibit (A) Grievance form) and Exhibit (B).

7. Defendants have failed to file for Notice of Removal within the thirty-day period of Defendants' knowledge that federal laws were violated.

8. Defendants' counsel appear to have violated the rules of professional conduct by intentionally delaying trial and attempting to gain a tactical advantage. (Rules of Professional Conduct (1),(B),(5).

9. Removal to District Court would be prejudiced against Plaintiff.

## **DISCUSSION**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court . . .." 18 U.S.C. § 1331 provides that District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[F]ederal Courts have jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27 - 28, 103 S.Ct.

2841, 77 L.Ed.2d 420 (1983). Removal is not appropriate unless the plaintiff's "well-pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction. The Plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpiller , Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)."[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); Pinney v. Nokia, Inc., 402 F.3d 430, 449 (4th Cir. 2005). Federal jurisdiction cannot be based upon "the bare assertion that a federal right or law has been infringed or violated . . .." Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973). "[T]he mere allegation of racial discrimination does not allow a federal district court to consider otherwise unremovable actions." McCullough v. Lignon, 430 F.Supp.2d 846, 850 (E.D.Ark. 2006)[6]

    28 U.S.C. § 1446(b) provides generally that a defendant must file a notice of removal of a civil action within thirty days after the receipt of the initial pleading. The second paragraph of Section 1446(b) provides further that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable . . .." Citing Link Telecomms, Inc., v. Sapperstein, *et al.*, 119 F.Supp.2d 536, 562 (D.Md. 2000), Chief Judge Goodwin noted in Roberts v. Anchor Packing Co., 2005 WL 1201212(S.D.W.Va.), that "[t]he term 'other paper' has been construed to include . . . requests for admissions, deposition testimony, settlement offers,

---

[6] Mere allegations of race or sex discrimination are insufficient to sustain a claim under Title VII of the Civil Rights Act of 1964. *Prince-Garrison v. Maryland Department of Health and Mental Hygiene*, __ F.Supp.2d __, 2007 WL 4374041, *4 (D.Md.), citing Bass v. E. I. Dupont de Nemours & Co., 324 F.3d , 761, 765 (4th Cir. 2003) and *Carter v. Ball*, 33 F.3d 450, 461 - 462 (4th Cir. 1994).

8

answers to interrogatories, briefs, and product identification documents given in discovery." Chief Judge Goodwin stated further in Roberts based upon Link Telecomms and the decisions of other Courts that "there is no requirement that removability be unequivocally clear to trigger the thirty-day clock." The thirty-day period does not begin to run upon a defendant's receipt of an initial pleading only when the pleading does not evince any claim cognizable in federal Court. In concluding that remand was in order, Chief Judge Goodwin cited the Fourth Circuit's directive in Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir 1993), that "[a]ny doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction."

Reading Plaintiff's Complaint together with her deposition testimony, the undersigned finds no adequate basis for federal question jurisdiction. Plaintiff's December, 2006, Complaint contains no specific factual allegations. Plaintiff stated in her Complaint that "[f]rom 2004 - 2007, the McDowell County Board of Education has discriminated against me (Bonita Redd) on the basis of race and gender. They have also violated Policy 2419, state statutes, and Federal laws." Plaintiff testified at her deposition that she is alleging "[d]iscrimination, favoritism, retaliation, fraud, conspiracy to commit fraud and violation of the 13th Amendment." Thus, Plaintiff elaborated upon her claims and explained more specifically the factual basis for them in her June 25, 2007, deposition. Plaintiff is complaining primarily about her employment with the McDowell County Board of Education and alleging misconduct of the Board in managing and reporting matters pertaining to educating exceptional students. The mere mention of "Federal laws" in her Complaint and "the 13th Amendment" in her testimony does not trigger jurisdiction under 28 U.S.C. § 1331. It does not appear that federal law creates Plaintiff's causes of action or that Plaintiff's right to relief requires resolution of a substantial federal question. Rather, as appears from Plaintiff's references to West Virginia statutes in her Motion to Remand (Document No. 15.), she is asserting claims under those provisions. Having concluded that no adequate basis exists for federal jurisdiction in

view of Plaintiff's Complaint and deposition testimony, the undersigned finds no reason to consider whether Defendants removal of the case was timely as in any event the District Court has no jurisdiction to consider it. For these reasons, the undersigned recommends that Plaintiff's Motion to Remand be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **GRANT** Plaintiff's Motion to Remand (Document No. 15.), withhold ruling upon Plaintiff's Request for Default Judgment and Motion for Judgment by Default (Document Nos. 7 and 9.) as within the province of the Circuit Court of McDowell County, West Virginia, **REMAND** this matter to the Circuit Court of McDowell County, West Virginia, and remove it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352

(1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: January 7, 2008.

R. Clarke VanDervort
United States Magistrate Judge