```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

BONITA K. REDD,

    Plaintiff,

v.                                CIVIL ACTION No. 1:07-0416

MCDOWELL COUNTY BOARD OF
EDUCATION, et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendations ("PF&R) on January 7, 2008, in which he recommended that the court (1) grant plaintiff's motion to remand, (2) withhold ruling on plaintiff's request for default judgment and motion for judgment by default as within the province of the Circuit Court of McDowell County, and (3) remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989). On January 16, 2008, defendants filed their objections to the Proposed Findings and Recommendation. On January 23, 2008, plaintiff filed a document entitled "Plaintiff's Objection to Defendants' Objections to Proposed Findings and Recommendations Related to Plaintiff's Motion for Remand and Plaintiff's Request for Default Judgment and Sanctions."

Plaintiff, acting pro se, filed a complaint in the Circuit Court of McDowell County in December 2006. Her complaint alleged in pertinent part: "From 2004-2007, the McDowell County Board of Education has discriminated against me (Bonita Redd) on the basis of race and gender. They have also violated Policy 2419, state statutes, and Federal Laws. Therefore, the McDowell County Board of Education is being sued in civil action for the amount of $830,000 in compensatory damages and $5,000,000 in punitive damages as the remedy for their action."

Thereafter, on July 2, 2007, defendants removed the case to this court. In their Notice of Removal, they stated as follows:

> 5. During Plaintiff's deposition on June 25, 2007, Plaintiff testified Plaintiff's claims were brought pursuant to the Thirteenth Amendment, EEOC regulations, Federal civil rights laws and federal educational laws and regulations. This was the first opportunity Defendants had to discover under which federal statutes and/or laws Plaintiff sought relief. Therefore, such Notice of Removal is timely.

2

      6.      The Federal Court, therefore, has original jurisdiction of the above-entitled action pursuant to 28 U.S.C.A. § 1331, as the Plaintiff has alleged a Federal question under several Federal laws and regulations.

Plaintiff filed a motion to remand on July 16, 2007, arguing that defendant's Notice of Removal was untimely because defendants "were fully aware in December 2006 of federal violations as made in Plaintiff's Complaint."

In his Proposed Findings and Recommendation, Magistrate Judge VanDervort found no adequate basis for federal question jurisdiction and recommended that this court grant plaintiff's motion to remand. Given his finding on this point, the magistrate judge did not reach the question of whether defendants' notice of removal was timely. Defendants object to the magistrate judge's conclusion that no federal question jurisdiction exists. The court sustains defendants' objection to the extent they argue that federal question jurisdiction exists. However, for the reasons discussed below, the court finds that the notice of removal was untimely.

28 U.S.C. § 1446(b) requires a defendant to file a notice of removal of a civil action within thirty days after the receipt of the initial pleading. The statute goes on to provide that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable. . . ."  28 U.S.C. § 1446(b).

While admittedly brief and short on detail, plaintiff's complaint on its face establishes that federal question jurisdiction exists in this case.  First, plaintiff admits that the crux of her claim is one for race and gender discrimination.  In doing so, she contends that defendants have violated "Federal laws."  Title VII of the Civil Rights Act of 1964 is a federal law governing race and gender discrimination.

To sustain a claim of federal question jurisdiction, "the complaint must, however, contain allegations `affirmatively and distinctly' establishing federal grounds `not in mere form, but in substance' and `not in mere assertion, but in essence and effect.'"  <u>Burgess v. Charlottesville Savings and Loan Assoc.</u>, 477 F.2d 40, 43 (4th Cir. 1973).  In determining whether federal question jurisdiction exists, "the court must look beyond the verbiage of a complaint to the substance of the plaintiff's grievance. . . ."  <u>Id.</u>

The court believes that plaintiff's complaint establishes the existence of federal question jurisdiction.[1]  Not only does

---

[1] In "Plaintiff's Objection to Defendants' Objections to Proposed Findings and Recommendations Related to Plaintiff's Motion for Remand and Plaintiff's Request for Default Judgment and Sanctions," plaintiff states that she "agrees with the Court's Proposed Findings and Recommendations that no federal cause of action exists in regard to Plaintiff's Complaint."

it mention race and gender discrimination as the heart of her claims, the complaint also states that defendants violated federal law.  See, e.g., Green v. Deposit Guaranty National Bank, 966 F.Supp. 464, 467 (S.D. Miss. 1997) (finding that allegations in former employee's complaint against former employer that she had been subjected to sexual harassment by co-worker and that she had reported such harassment to management were sufficient to place former employer on notice of possible removable sexual harassment claim under Title VII even though complaint did not specifically mention Title VII).  Given that there are federal statutes which govern exactly the type of conduct of which plaintiff complains and the fact that plaintiff specifically contends that defendants violated federal law, the court finds that the complaint gave defendants ample notice regarding the existence of federal question jurisdiction.[2]

---

Putting aside plaintiff's invocation of federal jurisdiction in her complaint, the court finds plaintiff's assertion to be disingenuous because it is completely contradictory to the position she has taken throughout this proceeding.  For example, in her briefs relating to the remand motion, plaintiff has maintained that defendants had ample notice of the federal nature of her claims but that their notice of removal was not timely.  As well, in her deposition, plaintiff stated that she is seeking relief under various federal statutes.  Because the aforementioned statement is contradicted by the rest of the record, the court has given it little or no weight.

    [2] Even if the complaint did not give defendants notice as to the federal nature of plaintiff's claims, it is clear such notice was provided long before plaintiff's deposition on June 25, 2007.  For example, plaintiff's administrative grievance, filed with the McDowell County Board of Education prior to the filing of the complaint herein, clearly indicates her reliance on federal causes of action.

For the reasons set forth above, the court sustains defendants' objections to the extent they contend that federal question jurisdiction exists.  However, because the notice of removal was not timely filed, the court adopts the magistrate judge's findings and recommendation insofar as it recommends that the court **GRANT** plaintiff's motion to remand.  Accordingly, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of McDowell County, West Virginia.

The Clerk is directed to forward a certified copy of this Order to counsel of record, plaintiff, and to the Clerk of the Circuit Court of McDowell County.  The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 26th day of February, 2008.

ENTER:

David A. Faber
United States District Judge